**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| AFFINITY LABS OF TEXAS, LLC | § | |
| | § | |
| vs. | § | CASE NO. 2:10-CV-54-DF-CE |
| | § | |
| NIKE, INC. AND APPLE INC. | § | |

## ORDER

Pending before the court is the defendants Nike, Inc.'s ("Nike") and Apple Inc.'s ("Apple") motion to transfer venue (Dkt. No. 28). The movants contend that the Northern District of California is clearly more convenient than the Eastern District of Texas, and thus this case should be transferred pursuant to 28 U.S.C. § 1404(a). The court, having considered the venue motion and the arguments of counsel, GRANTS the motion to transfer venue to the United States District Court for the Northern District of California. The balance of the private and public factors demonstrates that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *See In re Volkswagen of America, Inc.*, 566 F.3d 1349 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc).

On February 16, 2010, the plaintiff Affinity Labs of Texas, LLC ("Affinity") filed its complaint and accused the defendants of infringing U.S. Patent Nos. 7,062,225, 7,251,454, and 7,519,327. The motion to transfer venue was filed on May 17, 2010. Affinity is a Texas limited liability company with its principal place of business now located in Frisco, Texas. Nike is an Oregon corporation with its principal place of business in Beaverton, Oregon. Apple is a California corporation with its principal place of business in Cupertino, California.

Affinity filed a different suit last year against Apple in the Eastern District of Texas, alleging

infringement of patents different from those asserted in the instant case. *Affinity Labs of Texas, LLC v. Apple, Inc.*, 9:09-cv-047 (E.D. Tex.). That case was transferred to the Northern District of California on August 25, 2009. *Id.* at ECF No. 30.

Affinity argues that its presence in Frisco, Texas, which is located in the Eastern District of Texas, weighs against transfer. When the previous suit against Apple was transferred, Affinity's principal place of business was in Austin, Texas. Affinity allegedly moved its office to a residential apartment complex in Frisco less than three weeks before this suit was filed. Although Affinity has a long term presence in Texas, its presence in this district "appears to be recent, ephemeral, and an artifact of litigation." *Cf. In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010). Thus, Affinity's attempt to distinguish the prior decision to transfer venue on account of its location in the Eastern District of Texas is unavailing.

The private and public factors favor a transfer to the Northern District of California. Apple's headquarters are located in the Northern District of California, and nearly all of Apple's relevant documents and employees with knowledge of the accused products can be found in that district. Likewise, the vast majority of Nike's witnesses and evidence are located in Oregon, which is much closer to the Northern District of California than the Eastern District of Texas. Although Affinity contends that all of its documents are located in this district, the Federal Circuit has indicated that the majority of physical evidence is provided by the accused infringers. *Genentech*, 566 F.3d at 1345; *see also In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1337 (holding that courts should give no weight to documents recently transferred to this district in anticipation of litigation). Next, the defendants have identified several non-party witnesses who would be subject to the Northern District of California's subpoena power. Although some witnesses may also be located in this district, near the Dallas/Fort Worth metroplex, on balance the availability of compulsory process in

the Northern District of California favors transfer. *See Hoffmann-La Roche*, 587 F.3d at 1338 (stating that the transferee court's absolute subpoena power over some, but not all, of the potential witnesses favored transfer); *Software Rights Archive, LLC v. Google, Inc.*, 2010 WL 2950351, at *3 (E.D. Tex. July 22, 2010) (holding that the Northern District of California's absolute subpoena power over some witnesses slightly favored transfer).

In all, the private and public factors demonstrate that venue is clearly more convenient in the proposed transferee court, and the motion is granted. In light of the transfer of venue, the court suspends any and all pending deadlines as indicated in the Docket Control Order. Likewise, the court suspends any deadline under the Local Rules for responding to pending motions.

SIGNED this 4th day of November, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE